**UNITED STATES of America,**
**Appellee,**

v.

**William CHUE, Defendant–Appellant.**

**No. 03–1297.**

United States Court of Appeals,
Second Circuit.

Jan. 21, 2004.

■■■■■■■

Alexei Schacht, Nalven & Schacht, Astoria, NY, for Appellant.

Gary Stein, Assistant United States Attorney (William A. Burck, Assistant United States Attorney, James B. Comey, United States Attorney for the Southern District of New York, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee, of counsel.

Present: OAKES CABRANES Circuit Judges and MUKASEY District Judge.*

## SUMMARY ORDER

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal hereby is **DISMISSED**.

William Chue pleaded guilty to one count of participation in a racketeering enterprise and one count of use of a firearm in relation to racketeering activity, in violation of 18 U.S.C. §§ 1962(c) and 924(c).[1] The first count yielded a sentence of 360 months' to life imprisonment, and the second count carried a mandatory sentence of 60 months' imprisonment to be served consecutively. Pursuant to the Government's motion to downwardly depart pursuant to U.S.S.G. § 5K1.1 based on defendant's substantial assistance,[2] the Court, on May 7, 2003, principally sentenced defendant to only 220 months' imprisonment on the first count and a consecutive term of 60 months' imprisonment on the second count.

On appeal, defendant asks us to vacate his sentence and remand the case to a different judge for resentencing, contending that the District Court (1) "failed to consider arguments made by [defendant] in an attempt to mitigate his sentence" to no more than 180 months' imprisonment, and (2) "failed to exercise its own independent discretion in sentencing [defendant] and simply relied upon the Probation Department's sentence recommendation." (Appellant's Br. at 6–7.)

Generally, a defendant cannot appeal the extent of a downward departure made pursuant to U.S.S.G. § 5K1.1. *See, e.g., United States v. Lucas,* 17 F.3d 596, 599 (2d Cir. 1994). "The only exceptions to this rule are that a defendant may appeal the extent of a downward departure if the departure

---

\* The Honorable Michael B. Mukasey, Chief Judge of the United States District Court for the Southern District of New York, sitting by designation.

1. 18 U.S.C. § 1962(c) provides:

   It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
   18 U.S.C. § 924(c)(1)(A)(i) provides:
   Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to

   any crime of violence ... for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence ... be sentenced to a term of imprisonment of not less than 5 years.

2. U.S.S.G. § 5K1.1, entitled "Substantial Assistance to Authorities," provides in relevant part:

   Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

was made in violation of the law or as a result of a misapplication of the Guidelines." *United States v. Moe,* 65 F.3d 245, 251 (2d Cir.1995). Neither of defendant's arguments provides a basis for employing one of these exceptions. Accordingly, we lack jurisdiction, and the appeal is hereby **DISMISSED.**